Gilmore, J.
The action in which the attachment and garnishee process was issued herein was bi'ought under the 218th section of the code of civil procedure, which, among *649 other things, provides as follows: “ If the garnishee fail to appear and answer, or if he appear and answer, and his disclosure is not satisfactory to the plaintiff, . . . the plaintiff' may proceed against him in an action, by filing a petition in his own name, as in other eases, and causing a summons to be issued upon it; and thereupon such proceedings may be had as in .other actions, and judgment.may be rendered in favor of the plaintiff for the amount of property and credits of every kind of the defendant in the possession of the garnishee, and for what shall appear to be owing by him to the defendant, and for costs, etc.”
In an action properly brought under this section, the plaintiff, as against the garnishee, occupies the position of the principal defendant, with the same rights which he had, and liable to be met by any defenses which the garnishee might make in an action brought against him by the principal defendant. The action is an independent proceeding, in which the plaintiff in the first action in attachment, ■occupying the place of the principal defendant therein, is plaintiff, and the garnishee in that action is defendant; and the latter is subordinate to the former action only to the extent that final judgment shall not be rendered against the garnishee in the latter, until the action against the principal defendant in the former has been determined. Code, sec. 219. Summons is to be issued and served, and the plaintiff’, as against the garnishee, may have such process, including attachment, as in other cases, subject to the special restrictions prescribed by the code, some of which will be noticed hereafter. The plaintiff is, in effect, substituted to all the rights and entitled to all the remedies the principal defendant would have had in an original action against the garnishee.
In argument, it is claimed by counsel for plaintiff’ in error that, by construction, the provisions of the 9th subdivision of section 191 of the code operates as a restriction upon the right of the plaintiff below to an attachment in this case. The language of the second clause of this sub•division is this: “ But an attachment shall not be granted *650 •on the ground that the defendant is a foreign corporation •or a non-resident of this state, for any claim other than a debt or demand arising upon contract, judgment, or decree.” And it is contended that the claim of the plaintiff below is not a debt or demand arising in contract with the garnishees, nor is the judgment against the principal defendant a judgment against them, within the meaning of the clause above quoted; and hence, that the attachment was illegally granted, and ought to have been discharged on the motion.
A decision of the questions thus suggested is rendered unnecessary, in this case, by a clause of section 200 of the code, as amended March 13,1862 (S. & S.. Stat. 550), which reads as follows: “ And should the suit be brought against such garnishee, under the provisions of section 218 of this act, such suit shall be brought in the county in which the garnishee shall reside.”
This provision is imperative, and shows that the motion to discharge the attachment should have been sustained In the court below, unless it does not apply to cases in which the garnishees are non-residents of the state, or that, by appearing and answering in the case, they had submitted themselves to the jurisdiction of the court and waived their right to object to the proceeding in attachment when instituted against them.
We are not aware of any provisions of the code that, in terms, except nonresidents from the operation of the clause above quoted; and, inasmuch as proceedings in attachment are strictly statutory, it follows that the provisions of section 218 of the code do not apply in actions in which the garnishees are not residents of the state.
Still, suppose that non-resident garnishees might waive all objections, and submit themselves personally to the jurisdiction of a court having general jurisdiction of the subject-matter, as the court in this case had; the question is: Had they so submitted themselves, and waived their right to object to the attachment at the time the motion was made ■to discharge it ?
*651 The petition in the case contained an averment that the-garnishees were indebted to the principal defendant in an amount stated, for which a judgment was asked. Personal service of summons in the case was made upon the defendants, who must have been transiently in the state. If they had failed to appear, judgment by default would have been entered against them. By appearing and answering without objection, putting the averments of the petition ¿n issue, they waived any right they may have had to object to the jurisdiction of the court in that action, and will be bound by the judgment on the issues in the case.
After the issues were thus made, but before trial, the proceeding in attachment was commenced, on the ground that the garnishees were non-residents of the state. They promptly moved the court to discharge the attachment on the ground, among others, “ that .there is no law for the issuance of the same in such an action.” We do not think the garnishees by appearing and answering in the action waived any thing in reference to the attachment proceeding subsequently commenced.
Section 686 of the code provides that, “Any party to a suit affected by an order discharging or refusing to discharge an order of attachment, shall be entitled to file a petition in error to reverse, vacate or modify the same as in other cases.”
Section 689 provides that, “ The original action shall proceed to trial and judgment in every other respect as though no writ of error had been prosecuted.” These sections show that for the purpose of testing the validity of the order of attachment, it is to be considered as a distinct proceeding, in no way affecting the original action or the issues in it, as either party is at liberty, by proceedings in error, to question the correctness of the rulings of the court against him, on a motion to discharge an attachment, without interfering with the progress of the original action.
While the provisions of section 218 of the code furnish a simple, speedy and efficacious mode of reaching, ascertaining and appropriating the property and effects of the debtor *652 in the hands of third persons, even in cases in which there might be controversy, to the payment of the claims of his creditors, it was found necessary, in order to prevent abuses in applying the remedy, to place some restrictions upon the right of creditors to compel such third persons to appear and litigate such controversies in counties other than those in which they might reside, and the provision requiring the action under this section to be brought in the county whore such third person resides is not unreasonable; and, in the absence of statutory provisions on the subject, in reference to non-residents of the state, it follows that as to them the provisions of section 218 of the code are wholly inapplicable.
"We are of opinion, therefore, that there was error in overruling the motion to discharge the attachment, for which the judgments of the Superior Court in special and general term are reversed, and the attachment discharged.
Judgment accordingly.
Welch, C. J., White, Rex and McIlvaine, JJ., concurred.